## RADIO CORPORATION OF AMERICA et al. v. SOLAT et al. (two cases).

District Court, S. D. New York.
Jan. 18, 1940.

Stephen H. Philbin, of New York City, for plaintiffs.

Thomas A. Hill, of New York City, for defendants.

CONGER, District Judge.

This is a motion by the plaintiffs for leave to take depositions, under Rule 26 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The plaintiffs seek to examine one of the defendants, and several designated witnesses.

The answer has not, as yet, been served, and therefore the plaintiffs seek the leave of the court to take the examination. The purpose of the examination has nothing to do with preparation of the answer, or preparation for trial, but is solely as stated in the notice of motion: "as to whether or not the defendants or any of them have violated the temporary restraining orders issued herein and served October 21, 1939." There is not even a pending proceeding to punish the defendants for contempt of court.

It seems to me that the application goes far beyond the purpose for which examinations are granted under the Federal Rules, even giving the Rules a most liberal construction.

No cases on the point involved have been cited by either party, nor can I find any.

As bearing somewhat, however, on the purpose for which examination can be had, attention is called to Rule 26(b): "Scope of Examination. Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether relating to the claim or defense of the examining party or to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts." If this section is to be taken literally, certainly, this examination cannot be allowed.

As also bearing upon this question, the following is found in Moore's Federal Practice (Ch. 26, Section 26.01, page 2441), where, in discussing Rules 26 to 37, it is stated: "The promulgation of this group of rules satisfies the long-felt need for legal machinery in the federal courts to supplement the pleadings, for the purpose of disclosing the real points of dispute between the parties and of affording an adequate factual basis in preparation for trial."

The plaintiffs in this application do not seek the depositions for the purpose of preparing an answer, nor in preparation for trial, nor for obtaining information which is relevant to the cause of action, or defense thereof. They seek the depositions for collateral purposes to the action; something which is not relevant to the subject matter thereof.

A very interesting question presents itself, although it does not have to be decided here, as to whether or not, if there were a motion to punish for contempt, the court would have the authority under the rules to allow such an examination.

Motion denied. Settle order on notice.