## KING v. McKNIGHT.
### No. 663.

Municipal Court of Appeals for the
District of Columbia.

Oct. 20, 1948.

Rehearing Denied Nov. 18, 1948.

Saul G. Lichtenberg, of Washington, D. C., for appellant.

Charles J. King, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Defendant appeals from a summary judgment entered against him on the pleadings in a suit for double the amount of alleged rent overcharges under the District of Columbia Emergency Rent Act, D.C. Code 1940, § 45—1610(a).

Plaintiff alleged that for ten months defendant had collected from him for the rent of certain premises $225 per month, whereas the ceiling thereon had been determined by the Rent Administrator to be $150 per month. It was for twice the difference between these amounts, paid during the period indicated, that plaintiff sued. Defendant filed an answer admitting that he had rented the property to plaintiff at $225 per month but denied that any rent ceiling determined by the Administrator was applicable to the situation between the parties and denied that he had overcharged the plaintiff. In a separate paragraph of the answer he alleged "that he rented to the plaintiff's predecessor a business locality, having sold to her a rooming house business and it never was his intention or the intention of the present plaintiff to merely rent a house but rent a place of business."

Plaintiff thereupon moved for judgment under Municipal Court Rule 51. Neither party filed affidavits as authorized under the rule and the motion was heard on the complaint and the answer, and granted.

At the outset we are confronted by appellee's contention that the judgment has been paid and the appeal has become moot. But from appellee's own statement it is plain that if the judgment has been paid such payment has been an involuntary one and has not rendered moot the issue before us.[1]

Appellant assigns as error not only the granting of plaintiff's motion for summary judgment but also the refusal to grant him leave to file an amended answer. In his brief appellant says the amendment he proposed to make "would have provided more information for the court's consideration." Appellee, on the other hand, insists that defendant merely offered to amend by striking the paragraph we have quoted above. Over and over again we have said that we cannot decide cases on the basis of disputed facts as they appear in briefs and that we must be governed by the recitals in the statement of proceedings and evidence approved by the trial court. The approved statement in this case does not reveal the nature of the amendment which counsel for defendant attempted to make. It recites only that leave to amend was refused.

We think defendant should have been permitted to restate his defense in an amended answer, to the end that with the whole picture before the trial court it would be able to determine whether the complaint and the answer presented any issues of fact or whether the case was one turning entirely on a question of law. We have in mind that rule 15 of the trial court provides that leave to amend "shall be freely given when justice so requires." We also have in mind that if, after an amended answer is filed, plaintiff decides to file a motion for summary judgment, such motion may under Municipal Court Rule 51 be supported by affidavits, and that defendant may file opposing affidavits.

[1] Zindler v. Buchanon, D.C.Mun.App., 61 A.2d 616; Quick v. Paregol, D.C.Mun.App., 61 A.2d 407.

If that is done the trial court will be in a much better position to examine the situation and to say whether plaintiff must recover as a matter of law or whether defendant is entitled to a trial on the merits.

Reversed with instructions to grant defendant leave to file an amended answer.