**STUDENTS BOOK CO., Inc. v.
SEMERJIAN.**

**No. 799.**

Municipal Court of Appeals for the
District of Columbia.

Argued May 2, 1949.

Decided May 17, 1949.

Nathan L. Silberberg, Washington, D. C.,
for appellant.

Guy M. Bayes, Washington, D. C., for
appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This appeal involves the question of alleged error of the trial court in denying plaintiff's motion to vacate an order awarding a new trial. Trial was had before the court without a jury. On October 26, 1948, the trial court wrote counsel as follows:

"This letter comes to advise you that the defendant's oral motion to amend answer is granted, and that the Court finds for the plaintiff herein * * *.

"Entry of this judgment will be made as of Friday, October 29, 1948."

On November 3, 1948, defendant filed a motion for judgment and a motion for new trial. After hearing on these motions, the trial court granted defendant's motion for new trial, but gave no grounds therefor. The ruling was also silent as to the motion for judgment, but the statement of proceedings and evidence before us states that the trial court "subsequently overruled the motion for judgment." Plaintiff then filed a motion "for an order reinstating judgment, as found by the Court on October 26, 1948, and vacating the order of the Court * * * granting Defendant's motion for a new trial * * *." Plaintiff appeals from the overruling of this motion and alleges several errors, viz.: (1) defendant's

motion for new trial was not timely filed, and thus could not have been considered by the trial court; (2) abuse of discretion in granting new trial; (3) failure to give reasons for granting of new trial; (4) failure to rule on motion for judgment; and (5) alleged alteration of record.

■ We have concluded that appellant's contentions are not properly before us and the appeal must be dismissed. However, in view of appellant's stress on the question we find it necessary to discuss the right of the trial court to entertain defendant's motion for new trial. Municipal Court rule 52A (b) provides that motions for new trial (and motions for judgment under Rule 46(b) ) " * * * shall be filed not later than 4 days after the entry of the finding or the verdict in the Civil Docket * * * "—except in a case not pertinent here. Appellant's contention is that the time within which such motions could be filed dates from the trial court's letter to counsel, and such period (which by Rule 6(b) the court may not enlarge) ended October 30. It is sufficient to note that the rule computes time *after the entry of the finding or verdict in the docket* and not from the date of its announcement.

When, in its letter to counsel, the trial court advised that entry of this "judgment" would be as of October 29, it obviously meant that entry of its "finding" would be made on that date. In conformity with the 4-day period allowed by Rule 52A, Rule 52 provides that "Unless the Court otherwise directs, *judgment* shall be entered on the fifth day after the verdict, or the finding by the court, *has been entered in the Civil Docket;* or, if a motion for a new trial or a motion [for judgment] has been filed, the judgment shall be entered forthwith upon the ruling of the Court thereon. * * * " Rule 52 continues: "The notation of a judgment in the Civil Docket * * *. constitutes the entry of the judgment; and the *judgment is not effective before such entry."* (Emphasis supplied.)

There is an established practice in the trial court whereby the court directs ap-

propriate entries to be made as of a certain date long enough after its decision to allow notice to reach the parties. Time does not begin to run until the entry date. A judgment is not entered until the fifth day after the entry of finding and the 4 days are allowed in which to file motions to avoid judgment on the finding. To hold otherwise than that the trial court meant "finding" would mean that the trial court was directing entry of judgment on the third day after it announced its finding—a course patently in conflict with the rules. Our view is strengthened by the fact that when the language was called to its attention the trial court directed the entry of October 29, 1948, corrected to read "finding." Rule 53(a) provides for correction of errors in judgments, orders, or other parts of the record.

■ Thus, October 29, 1948, was the effective date of entry of the finding and defendant's motions were timely filed. (By Rule 6 the intervening Sunday was excluded.) From that stage of the proceedings entry of judgment was in abeyance pending decision on these motions. After defendant's motion for new trial was granted, plaintiff was in the position of moving to reinstate a "judgment" which had never had effect. We find no error in the practice adopted of giving notice in advance that a finding will be "entered" on a subsequent day so long as the intervening time is not unreasonably long.

■ Since judgment will not be entered until after a new trial is had, plaintiff is now attempting to appeal from an order which is not a "final order or judgment".[1] An order made within the time limited by the rules and granting a new trial is not appealable.[2] The effect of the motion to reinstate the "judgment" was to test the validity of the grant of the new trial. A litigant is not allowed to do by indirection what he could not do directly. An order denying a motion to vacate a non-appealable order is itself non-appealable.[3]

Appellant further contends that granting of a new trial in this case without giving

[1] Code 1940, Supp. VI, 11—772 (a).
[2] DeGrazia v. Anderson, D.C.Mun.App., 58 A.2d 306, and cases cited.

[3] Bakkensen v. Minneapolis Street R. Co., 180 Minn. 344, 230 N.W. 787.

reasons therefor is an abuse of discretion in view of our recent decision in Crusade v. Capital Transit Co., D.C.Mun.App., 63 A.2d 878. In that case a jury verdict for plaintiff was attacked by defendant in the trial court by alternative motions for new trial and for judgment. The trial court granted the motion for judgment and denied a new trial without giving its reasons. We reversed the entry of judgment and also held that in case of such alternative motions the court must act on the motion for judgment, and whatever its ruling as to that motion it must also give reasons for action on motion for new trial.

Obvious differences from that case are present here. That was a jury case and the motion for judgment was granted and new trial denied. Here, in a non-jury case, new trial was granted and judgment denied. Whether there was such an abuse of discretion in granting the new trial without giving reasons would be appealable only after a final order or judgment in the new trial.

Since the appeal is not properly before us, we can not pass upon the question of the alleged alteration of the record except to state that we are bound by the record and statement of proceedings and evidence certified to us.[4]

Appeal dismissed.

4 King v. McKnight, D.C.Mun.App., 61 A.2d 714.