**HAILSTOCK v. KITHCART et al.**

No. 1451.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 8, 1954.

Decided March 10, 1954.

Leonard B. Sussholz and Marvin P. Sadur, Washington, D. C., for appellant.

Charles B. Sullivan, Jr., Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was sued for damages arising out of an automobile collision. The case was tried by the court without a jury and on July 18, 1952, the court entered a finding for defendant (appellant). At the same time the finding was entered the following entry was also made: "Judgment to be stayed to August 18, 1952." On August 4 the plaintiffs (appellees) filed a motion "to set aside the judgment previously entered and in accordance with the Court order entered herein to allow the plaintiff to offer additional proof." On August 18 the following entry was made: "Plaintiff's Motion to Set Aside Finding granted. This cause to be re-assigned for trial." Thereafter a new trial was had before another judge and this time finding and judgment went against appellant.

The first assignment of error relates to the action of the trial court in failing to enter judgment for appellant on the finding made in his favor at the first trial. The action which followed that finding is somewhat confusing because of the use of certain loose and inaccurate language. The order of the court that "Judgment to be stayed" evidently meant that entry of judg-

ment be stayed because there was no judgment to be stayed. Appellees' motion to "set aside the judgment" was inaccurate because there was no judgment to be set aside. It was evidently intended as a motion to set aside the finding and was so treated by the court. However, the court's action in granting the motion and ordering the case "to be re-assigned for trial" was in effect nothing more than the granting of a new trial. The question presented is whether the court at that stage of the proceeding had power to grant a new trial.

Municipal Court Civil Rule 59(b) provides that a motion for new trial "shall be filed not later than 4 days after the entry of the finding or the verdict in the civil docket." Rule 6(b), which gives the court power generally to enlarge the time fixed by the rules, specifically states that it may not extend the time for taking action under 59(b). Thus a motion for new trial must be filed within four days after entry of finding or verdict and the court has no power to enlarge that time. Rule 58 provides that "Unless the court otherwise directs," judgment shall be entered on the fifth day after verdict or finding. Under this rule the court may stay entry of judgment, but under the specific prohibition of rule 6(b) a stay of entry of judgment does not enlarge the time for filing a motion for new trial.[1]

In the instant case the plaintiffs' motion was filed long after the time for filing a motion for new trial had expired. Consequently the trial court lacked the power to grant a new trial and the proceedings thereafter were without effect.[2] It is unnecessary for us to consider other assigned errors relating to the second trial.

Judgment reversed with instructions to reinstate the finding for defendant in the first trial and to enter judgment thereon.

1. See Safeway Stores v. Coe, 78 U.S.App. D.C. 19, 23, 136 F.2d 771, 775, 148 A.L. R. 782, dealing with the Federal Rules of Civil Procedure, 28 U.S.C.A., on which the Municipal Court rules are based, where it was said: "We think that the purpose of Rule 6(b), which forbids the court to enlarge the time for taking any action under Rule 59, was to divest the court of jurisdiction to entertain a motion of this kind filed out of time."

2. See Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350, mandate recalled, 77 U.S.App.D.C. 385, 135 F.2d 833.