John D. SELLERS and Catherine Sellers, Appellants,

v.

George A. TAYLOR, and Automobile Underwriters, Inc., a body corporate, trading as State Automobile Insurance Association, Appellees.

No. 1679.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 19, 1955.

Decided Oct. 26, 1955.

Our first question is the appealability of an order granting a new trial. Our jurisdiction, with exceptions not here material, is limited to review of final orders and judgments.[2] An order granting a new trial is not a final order and we have consistently held that such order is not appealable.[3] Appellant cites numerous authorities holding that an order granting or denying a new trial may be reviewed on appeal, but such review is had only on appeal from a final judgment.[4] If claim were made that the trial court in granting the new trial exceeded its authority, perhaps we would have another question,[5] but the claim here is merely that the trial court improperly exercised its acknowledged authority.

Appeal dismissed.

---

John J. Dwyer, Washington, D. C., for appellants.

Charles B. Sullivan, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In an automobile collision case the jury returned a verdict for defendant. Immediately thereafter the trial court on its own initiative set aside the verdict and ordered a new trial.[1] Defendant has appealed from that order.

1. Municipal Court Civil Rule 59(e).

2. Code 1951, § 11-772.

3. Phillips v. Marvin's Credit, Inc., D.C. Mun.App., 35 A.2d 825; United Retail Cleaners & Tailors Ass'n of D. C. v. Denahan, D.C.Mun.App., 44 A.2d 69; De Grazia v. Anderson, D.C.Mun.App., 58 A.2d 306.

4. Students Book Co. v. Semerjian, D.C. Mun.App., 66 A.2d 487.

5. See Harco, Inc., v. Greenville Steel and Foundry Co., D.C.Mun.App., 112 A.2d 920; but cf. Freid v. McGrath, 76 U.S. App.D.C. 388, 133 F.2d 350.