**Mike J. MORFESSIS, Appellant,**

v.

**HOLLYWOOD CREDIT CLOTHING CO., Inc., a corporation, Appellee.**

**No. 2589.**

Municipal Court of Appeals for the District of Columbia.

Argued July 6, 1960.

Decided Sept. 27, 1960.

Rehearing Denied Oct. 13, 1960.

Ewing Laporte, Washington, D. C., for appellant.

Alvin L. Newmyer, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant recovered a verdict against appellee of $5,145 in an action for libel and judgment was entered accordingly on January 22, 1960. Four days later, appellee filed a notice of appeal with the clerk of the Municipal Court and submitted a supersedeas bond to the trial judge for approval. This was done while the judge was presiding over the trial of another case and apparently, because of her divided attention, she signed the paper without noticing that the amount of the bond and its date had been omitted.

When counsel for appellant later discovered the deficiency, he filed a motion to vacate the bond and for execution on the judgment, on which matter a hearing was had on February 1, 1960. During this proceeding counsel for appellee inquired whether the court would be willing to set aside the judgment and order a new trial if appellee would withdraw his appeal. Despite opposing counsel's objection that the court lacked jurisdiction to so act, the trial judge consented to the suggestion and issued the following order:

> "The Court upon its own motion orders that the judgment on verdict entered herein on January 22, 1960, and the verdict upon which said judgment is based, be, and the same are hereby set aside and vacated; and a new trial of this cause is hereby ordered, under provisions of Rules 59(e) and 60(b)."

Concurrent with the formulation of this order, counsel for appellee executed a praecipe purporting to withdraw the appeal and delivered it to the chief deputy clerk of the court. From the order granting a new trial appellant brought this appeal.

As a general rule this court's jurisdiction is restricted to the review of final orders or judgments. Code 1951, § 11–772. Because an order for new trial is considered interlocutory, an appeal taken therefrom is generally dismissed as premature. Brickman v. American Bridge Fabricators, Inc., D.C.Mun.App.1956, 124 A.2d 852; Sellers v. Taylor, D.C.Mun.App.1955, 117 A.2d 394, and cases there cited. Correct procedure ordinarily requires that the challenged order be tested on appeal after the complaining party has suffered an adverse judgment in the second trial. Students Book Co. v. Semerjian, D.C.Mun.App.1949, 66 A.2d 487. However, a direct appeal will lie where the court was without jurisdic-

tion to make the order. Hantman v. Zeiger, D.C.Mun.App.1957, 135 A.2d 650; Harco, Inc. v. Greenville Steel & Foundry Company, D.C.Mun.App.1955, 112 A.2d 920; Hailstock v. Kithcart, D.C.Mun.App.1954, 103 A.2d 205.

An appeal is perfected and our jurisdiction attaches upon the timely filing of a notice of appeal with the clerk of the Municipal Court. Tendler v. L. E. Massey, Inc., D.C.Mun.App.1943, 34 A.2d 33. At the same time the trial court loses jurisdiction over the matter and may not thereafter reopen the judgment. Potts v. Catterton, D.C.Mun.App.1951, 82 A.2d 133; Maltby v. Thompson, D.C.Mun.App.1947, 55 A.2d 142, and cases there cited. Obviously then, the trial court could not reacquire jurisdiction by honoring appellee's nominal withdrawal of his appeal. It clearly lacked the power to authorize a new trial because appellee's appeal was still pending. Therefore the case must be remanded with instructions to reinstate judgment for appellant.

It is so ordered.