John C. FLOYD, III, Appellant,

v.

Willie L. LEFTWICH, Appellee.

Paula Grace Phillips LEFTWICH,
Appellant,

v.

Willie L. LEFTWICH, Appellee.

Nos. 81–123, 81–1252.

District of Columbia Court of Appeals.

Argued Oct. 28, 1982.

Decided Feb. 7, 1983.

James E. Coleman, Jr., Washington, D.C., for appellant Floyd.

Nelson M. Oneglia, Greenbelt, Md., for appellant Leftwich.

Ronald Jessamy, Washington, D.C., with whom Frederick A. Douglas, Sonia R. Jarris and Mildred M. Hicks, Washington, D.C., were on brief, for appellee.

Before MACK, FERREN and TERRY, Associate Judges.

MACK, Associate Judge:

Appellants, Paula Leftwich and John C. Floyd, III, appeal from an order entered on August 28, 1981 awarding appellee, Willie L. Leftwich, attorney's fees and expenses in the amount of $6,593.01 jointly and severally against appellants. Both appellants claim that the trial court lacked jurisdiction to enter this order. Appellant Leftwich further claims that the trial court abused its discretion in awarding fees because (1) her failure to obey the underlying discovery order was substantially justified since appellee sought discovery in bad faith for the sole purpose of harassment and (2) the amount of fees awarded was excessive. Appellant Floyd challenges the order as improper under Super.Ct.Civ.R. 26(b)(1) and 37.[1] He further claims that even if the trial court had authority to award fees and expenses, the order was improper as to him because he was a nonparty witness.[2] We find that the trial court had jurisdiction to enter an order awarding fees and expenses to appellee. However, we vacate and remand the award against appellant Leftwich, for a hearing to determine which fees and expenses claimed are reasonably attributable to appellant Leftwich's failure to obey the underlying discovery order. We reverse the order as against appellant Floyd since the sole sanction available against a nonparty, pursuant to Super.Ct.Civ.R. 37(b), is contempt.

## I

Appellant Leftwich and appellee are involved in an underlying divorce action. On March 17, 1980, the trial court issued its Findings of Fact, Conclusions of Law and Judgment granting both parties an absolute divorce and apportioning the marital property. The court expressly conditioned appellant Leftwich's receipt of her share of the marital property upon her filing an

1. Although this proceeding arose under the Domestic Relations Rules of the Superior Court, the relevant rules concerning discovery are identical to the Civil Rules of the Superior Court.

2. We reject appellant Floyd's claim that he is entitled to an award of attorney's fees and expenses which he incurred in opposing appellee's attempt to take his deposition, pursuant to Super.Ct.Civ.R. 37(a)(4). Appellee's Motion for Further Discovery and Further Relief was granted, not denied. That part of Rule 37(a)(4) upon which appellant Floyd relies concerns awards of expenses and fees to a deponent who opposes a motion which is denied. Therefore, it does not support appellant Floyd's claim.

amended joint federal income tax return with appellee for the years 1978 and 1979. Appellant Leftwich appealed this order; however, her application for a stay was denied.

On November 6, 1980, the trial court granted appellee's motion to vest title of the marital home in appellee, ordered appellant Leftwich to vacate the marital home and held appellant Leftwich in contempt for her failure to file joint federal income tax returns as required by the March 17 order. Appellant Leftwich also appealed this order.

Pursuant to this order and to an agreement reached with appellee, appellant Leftwich vacated the marital home on November 28, 1980. In the process, she removed all or substantially all of the tangible property and furnishings located in the house. Between December 5 and 11, 1980, appellee served subpoenas on appellants Leftwich and Floyd,[3] a neighbor and a moving company requiring them to testify on December 12, 1980 in connection with appellant Leftwich's removal of property on November 28.

Appellant Leftwich moved to quash all subpoenas and notices of deposition. On December 17, 1980, after a hearing in chambers pursuant to Super.Ct.Dom.Rel.R. 12–1(b), Judge Schwelb denied the motion to quash, ordered appellee to file a Motion for Further Discovery and Further Relief to apprise appellants of the matters regarding which discovery was sought and, assuming such papers were filed, ordered the four above-mentioned depositions to be taken on December 22, 1980. Appellee filed a Motion for Further Discovery and Further Relief that same day.

On December 22, 1980, appellant Floyd appeared for deposition but refused to be sworn, asserting the attorney-client privilege. Appellant Leftwich failed to appear. As a consequence, appellee filed a Motion for Further Order Compelling Discovery and for Sanctions. On August 28, 1981, the

trial court granted that motion and, pursuant to appellee's attorneys' supporting affidavit, awarded expenses and attorney's fees jointly and severally against appellants Leftwich and Floyd in the amount of $6,593.01.

II

JURISDICTION

■ Appellants challenge the jurisdiction of the trial court to order depositions, relying on *Leftwich v. Leftwich,* 442 A.2d 139 (D.C.1982). Therein the court disposed of two relevant proceedings. First, it reversed and remanded the March 17 property award. Second and more directly related to this appeal, the court reversed the November 6 order stating in a footnote:

> When this appeal was filed, the trial court became divested of jurisdiction of the case. *See e.g., Morfessis v. Hollywood Credit Clothing Co.,* D.C.Mun.App., 163 A.2d 825, 827 (1960). Nonetheless, on November 6, 1980, the trial court entered an order which found the wife in contempt and purported to withdraw virtually everything which had been awarded to her. That order was appealed in No. 80–1314. By separate order, we summarily reverse the trial court's entry of that order.

*Id.* at 146 n. 16.

Appellants misconstrue our previous opinion. The jurisdiction that the trial court lost was the jurisdiction to modify its March 17 order; it did not lose jurisdiction to enforce that order. *Quarles v. Quarles,* 353 A.2d 285, 288 (D.C.), *cert. denied,* 429 U.S. 922, 97 S.Ct. 321, 50 L.Ed.2d 290 (1976). The court accordingly had jurisdiction to permit discovery on the issue of whether appellants had violated the March 17 order, and thus the court also had jurisdiction to award sanctions against those parties who were found in violation of its discovery order.

---

**3.** Prior to the serving of these subpoenas, appellant Floyd's involvement in the underlying divorce action was limited to assisting appellant Leftwich to obtain a waiver of the supersedeas bond in connection with her appeal from the March 17 order.

## III

### APPELLANT LEFTWICH

■ Generally, an award of expenses and attorney's fees, pursuant to Super.Ct.Civ.R. 37, is committed to the sound discretion of the trial court. We will disturb this ruling only upon a showing of an abuse of discretion. *Firestone v. Harris*, 414 A.2d 526 (D.C.1980); Super.Ct.Civ.R. 37(b)(2).

■ Appellant Leftwich argues that the trial court abused its discretion by failing to find either that she was substantially justified in failing to obey the December 17 discovery order setting her deposition or that other circumstances made the award unjust. She alleges two bases in support of her argument. First, she claims that she had a colorable and *bona fide* contention that the court lacked jurisdiction to order discovery. However, this claim was raised in her Motion to Quash and rejected by the trial court prior to the deposition date. Second, she claims that appellee sought discovery in bad faith, for the sole purpose of harassment, embarrassment, oppression and undue burden, as set forth in her Motion for Protective Order, filed February 17, 1981. However, the motions judge heard this argument and nonetheless ordered the deposition to take place, noting that "if it turns out they [appellee and his counsel] were frivolous or improvident or so on, you've got all kinds of remedies for abuse of discovery...." It was not for the parties to resort to self-help and fashion their own remedies.

Furthermore, the record reveals no justification for appellant Leftwich's failure to attend her deposition on December 22, 1980. She did not file her Motion for a Protective Order until February 17, 1981, approximately two full months after the date set for her deposition. She undertook no other steps prior to the deposition date which could justify her nonattendance at her deposition, such as the filing of a motion for an injunction against further discovery in this court. *See* D.C.App.R. 8. Accordingly, we find that the trial court did not abuse its discretion in awarding attorney's fees against her under Rule 37(b) for her failure to comply with the December 17 discovery order.

■ Appellant Leftwich next claims that the trial court abused its discretion by awarding appellee expenses and fees which were totally unrelated to appellant Leftwich's failure to permit discovery. We agree.

The amount of attorney's fees awarded by the trial court was based solely upon an affidavit submitted by appellee's attorneys. This award was made pursuant to Rule 37(b)(2) which authorizes the award of reasonable expenses and attorney's fees *caused by the failure* to obey an order permitting discovery. Super.Ct.Civ.R. 37(b)(2). However, appellee's affidavit included claims for (1) fees totaling approximately $1,650 for services rendered prior to appellant Leftwich's failure to appear at the deposition on December 22, 1980, (2) fees incurred in taking and reviewing the depositions of appellant Floyd, the neighbor, and the moving company, and (3) fees incurred for the transcripts of the depositions of appellant Floyd and the moving company. These fees do not appear to be related to appellant Leftwich's failure to appear for her deposition. Further, the fees listed in Exhibit C, an itemization of an associate's time spent which allegedly relates to the failure to appear, are so vaguely described that it is difficult if not impossible to determine whether or not they relate to appellant Leftwich. Therefore, we vacate the award of attorney's fees against appellant Leftwich and remand to the trial court for a hearing to determine what expenses reasonably can be attributable to appellant Leftwich's failure to obey the discovery order.

### APPELLANT FLOYD

Appellant Floyd claims the award of fees and expenses in itself was improper under Super.Ct.Civ.R. 26(b)(1) and 37. He further claims that even if the court had authority to award sanctions, the award was improper as applied to him since he was a nonparty witness.

Rule 26(b)(1) limits the scope of discovery to matters relevant to a pending action, and has been interpreted to preclude matters that are collateral to that action.[4] Appellant Floyd asserts that the discovery sought was on a matter collateral to the underlying action. Further, he claims that his conduct would become relevant and subject to deposition only after a determination that appellant Leftwich's removal of property from the marital home violated a court order. Last, he asserts that there was no "pending action" to support the court's discovery grant.

We reject appellant Floyd's challenges based on Rule 26(b)(1). The discovery ordered herein, including appellant Floyd's deposition, was sought pursuant to a court action to enforce its March 17, order. Therefore, the scope of the discovery was proper.

Appellant Floyd also contends that Judge Schwelb's December 17 order was not an order compelling discovery pursuant to Super.Ct.Civ.R. 37(a), and therefore, Rule 37(b) sanctions could not be imposed. We disagree. The December 17 order reads in part:

> FURTHER ORDERED, that the depositions of Doris Montgomery, Greenwood's Transfer and Storage Company, John C. Floyd, III and Paula G.P. Leftwich will be taken on December 22, 1980. . . .

R. 63–64. This is an "order to provide or permit discovery" pursuant to Super.Ct. Civ.R. 37(b)(2). Therefore, the violation of this order is a proper basis upon which to ground Rule 37(b) sanctions, even though the violation is not pursuant to a motion to compel that discovery.

However, Rule 37(b)(2) directs that reasonable expenses including attorney's fees be imposed against "the *party* failing to obey the order or the attorney advising him or both" (emphasis added). Super.Ct. Civ.R. 37(b)(2). Appellant Floyd is not a party to the underlying divorce action nor is he appellant Leftwich's attorney, even though he appeared on her behalf for a limited purpose in a prior proceeding. *See supra* note 2. There was no evidence that he advised appellant Leftwich not to appear. Thus, as a nonparty, appellant Floyd can be ordered either to be sworn or to answer questions pursuant to a Rule 37(a) motion to compel discovery, or he can be held in contempt, pursuant to Super.Ct. Civ.R. 37(b)(1),[5] for his violation of the December 17 order by his refusal to be sworn or to answer questions. Rule 37(b)(1) provides for the only sanction which is available against a nonparty, contempt. Therefore, we hold that the order awarding expenses and fees against appellant Floyd is improper and must be reversed.

Accordingly, the order awarding expenses and attorney's fees against appellant Leftwich is vacated and remanded to the trial court for proceedings consistent with this opinion. The award as against appellant Floyd is reversed.

*So ordered.*

---

4. *See Radio Corp. of America v. Solat*, 31 F.Supp. 516 (S.D.N.Y.1940) and *Carpenter v. Wells*, 358 S.W.2d 524 (Ky.1962) which construe Federal Rules of Civil Procedure substantively identical to Super.Ct.Civ.R. 26(b)(1). The Superior Court rules are to be construed consistently with the Federal Rules. *Campbell v. United States*, 295 A.2d 498 (D.C.1972).

5. Rule 37(b)(1) states in part:
   If a deponent fails to be sworn or answer a question after being directed to do so by the court . . . the failure may be considered a contempt of that court.