**Erwin ALPERN, Appellant,**

v.

**Bernard FRISHMAN, Appellee.**

**No. 82–304.**

District of Columbia Court of Appeals.

Argued Jan. 12, 1983.

Decided Aug. 15, 1983.

Lawrence S. Lapidus, Washington, D.C., for appellant.

James K. Foley, Silver Spring, Md., for appellee.

Before KERN, NEBEKER and BELSON, Associate Judges.

PER CURIAM:

In the case before us the trial court was faced with the difficult task of striking a balance between the interest of a judgment creditor in obtaining discovery concerning the assets of the judgment debtor and the interest of a third party deponent in being free from harassment and unnecessary intrusion into her personal business. The matter was complicated by the fact that the third party deponent was the wife of the judgment debtor. We hold that the trial court did not abuse its discretion in the manner in which it limited the taking of discovery of the third party.

In 1973 appellant, an attorney, sued appellee to recover approximately $14,000 in unpaid legal fees. A default judgment was entered for the full amount. To date the judgment has remained unsatisfied.

This appeal stems from appellant's efforts to learn, by taking the deposition of appellee's wife, whether appellee had fraudulently conveyed assets to his wife in order to avoid attachment. As required by Super.Ct.Civ.R. 69–I(a), appellant obtained a court order authorizing such discovery. Mrs. Frishman appeared at the deposition and complied with the literal terms of the court order: she produced joint tax returns and answered questions concerning the cou-

ple's joint finances. On advice of counsel, however, she refused to answer questions concerning her individual finances. Appellant thereupon moved for an order compelling her to testify regarding her personal finances and sought the imposition of sanctions.

In March 1982, the motions court denied the motion on the ground that appellant had failed to make a sufficient showing that appellee actually had transferred any funds to Mrs. Frishman. The denial was conditioned upon Mrs. Frishman's executing an affidavit stating that she had received no funds from her husband. Mrs. Frishman executed the affidavit. Thereafter appellant noted this appeal, in which he challenges the trial court's ruling and requests costs.

■ Appellant argues that the overwhelming weight of authority supports a judgment creditor's right to discover hidden or concealed assets of his debtor through discovery of third parties. This proposition is true as stated but overlooks a critical distinction that has been drawn between asking a third party about the *debtor's* assets, and asking a third party about his *own* assets. Generally speaking, creditors may inquire into the third party's knowledge of the debtor's finances, but may not delve into the third party's personal finances. *See, e.g., Burak v. Scott,* 29 F.Supp. 775, 776 (D.D.C.1939); 12 C. Wright & A. Miller, Federal Practice and Procedure § 3014 at 72 & n. 51 (1973 & 1982 Supp.).

■ Cases that have recognized exceptions to the general rule stated above have involved, unlike the case at bar, factual circumstances in which it appeared that some transfer of assets from the judgment debtor to the third party actually had occurred. In such cases, courts have allowed discovery of the third party's assets when the creditor could demonstrate that the relationship between the creditor and the debtor was such as to raise reasonable doubts as to the good faith of the transfer. *See, e.g., Magnaleasing, Inc. v. Staten Island Mall, Inc.,* 76 F.R.D. 559, 561–62 (S.D.

N.Y.1977); *cf. Strick Corp. v. Thai Teak Products Co.,* 493 F.Supp. 1210, 1217–18 (E.D.Pa.1980). Where spouses are involved, even a slight showing that there had been a transfer of property from the debtor spouse to the other spouse could suffice to establish that discovery should be allowed. Here there was no showing.

■ In the instant case the motions court's denial of discovery, which was conditioned upon Mrs. Frishman's executing an affidavit denying that her husband had transferred any assets to her, struck a reasonable balance between the sometimes competing policies that underlie Rule 69–I(a). The court allowed the judgment creditor broad discovery into his debtor's assets, while protecting the third party from harassment and unduly intrusive interrogation. We are satisfied that it did not abuse its discretion in so ruling.

*Affirmed.*