PYRAMID NAT. VAN LINES, Inc. v.
GOETZE et al.

No. 763.

Municipal Court of Appeals for the
District of Columbia.

June 3, 1949.

---

[3] Code 1940, Supp. VI, 45—1604(e).

694

Herbert G. Pillen, Washington, D.C., for appellant.

John L. Laskey, Washington, D. C., for appellees. Carson Gray Frailey, Washington, D. C., also filed an appearance for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

On the appeal of this case we decided that a judgment of the trial court must be reversed. 65 A.2d 595. Appellant, an interstate common carrier of freight by motor vehicle, had sued to recover the freight charges on a shipment of household goods. On this claim the trial court gave judgment against the carrier. Appellees originally had filed a counterclaim seeking recovery for damages to the household goods but

such counterclaim was voluntarily withdrawn during the trial. Our mandate to the trial court was that its judgment be reversed and that the cause be remanded for further proceedings in accordance with the opinion of this court. Subsequently appellant moved in the trial court for judgment on the mandate and appellees moved orally for leave to reinstate their counterclaim for damages. After hearing the trial court ordered the case set down for a new trial and granted appellees' motion to reinstate their counterclaim but without prejudice on the part of appellant to make any appropriate motion at the time of the new trial. Appellant has now moved in this court that we modify our previous mandate and order judgment for appellant without a new trial and without leave to appellees to reinstate their counterclaim.

We have concluded that the motion of appellant should be overruled.

When the mandate of an appellate court is filed in the lower court, that court reacquires the jurisdiction which it lost by the taking of the appeal. United States v. Howe, 2 Cir., 280 F. 815, 23 A.L.R. 531, certiorari denied 259 U.S. 587, 42 S.Ct. 590, 66 L.Ed. 1077; Pope v. Shannon Bros.; 195 Ark. 770, 114 S.W.2d 1; 3 Am.Jur., Appeal and Error, § 1229. The remand for further proceedings is always made when the record does not enable the reviewing court to determine the rights of the parties. 3 Am.Jur., Appeal and Error, § 1210. Where a judgment previously entered for a defendant is reversed without further order, the mandate to that effect does not preclude any other affirmative action unless specifically directed by the appellate court. 3 Am.Jur., Appeal and Error, § 1184. Thus in cases of reversal and remand for further proceedings, the general rule is that the lower court is free to make any order or direction in further progess of the case not inconsistent with the appellate decision as to any question not presented or decided by such decision. 3 Am.Jur., Appeal and Error, § 1233. We conclude, therefore, that it was not beyond the power of the trial court in the present case to order a new trial in its discretion and in furtherance of justice.

We conclude also that it was within the power of the trial court to reinstate the counterclaim for the purpose of the new trial. It is clear that in an action for earned freight charges a counterclaim for cargo damages is a compulsory counterclaim under Municipal Court rule 13(a), following rule 13(a), Federal Rules Civil Procedure, 28 U.S.C.A. Eastern Transportation Co. v. United States, 2 Cir., 159 F.2d 349; Atlantic Coast Line R. Co. v. United States Fidelity & Guaranty Co., D.C.M.D. Ga., 52 F.Supp. 177. Thus if this claim—based on cargo damages—is not adjudicated in the present action for freight the right to assert it will be lost. Furthermore, Municipal Court rule 13(e), based upon Federal Rules Civil Procedure, rule 13(f), 28 U.S.C.A., provides that "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect *or when justice requires,* he may by leave of Court set up the counterclaim by amendment." (Emphasis supplied.) Again, after remand of a cause by an appellate court, it is within the discretion of the trial court to allow amendments to prior pleadings. 3 Am.Jur., Appeal and Error, § 1241.

We do not believe that the withdrawal of the counterclaim during the original trial should change this rule. The Federal Rules of Civil Procedure, upon which the Municipal Court rules are modeled, were designed to allow amendments and changes in pleadings liberally; pleadings are to be liberally construed to do substantial justice; inconsistent claims and defenses are allowed; disposition of litigation in one action is to be encouraged; the trial court is allowed wide discretion in determining such matters.

The question naturally arises whether the reinstatement of a counterclaim after its withdrawal is so inconsistent as to be prejudicial to the rights of appellant. In 19 Am.Jur., Estoppel, § 79, it is stated that " * * * it is only on questions of fact, with few exceptions, that one can estop himself by pleading." To create an estoppel by inconsistent legal positions, the usual essentials are: clearly inconsistent positions; the prior position must have been successfully maintained; the cause must have gone to judgment; the opposing party must haven been misled and have changed his position in reliance thereon and to his detriment. 19 Am.Jur., Estoppel, § 73.

Here the withdrawal of the counterclaim was voluntary, and it is clear that appellant did not change his position to his detriment in reliance thereon. There is little doubt that had appellees not filed a counterclaim during the first trial they would not now be precluded from doing so. Defenses not made on first trial may be entertained upon retrial following a reversal. Chase v. United States, 256 U.S. 1, 41 S.Ct. 417, 65 L.Ed. 801; Gilpin v. United States, 256 U.S. 10, 41 S.Ct. 419, 65 L.Ed. 807; 3 Am.Jur., Appeal and Error, § 1240.

Appellant argues in the present case that an application for consideration of a counterclaim can not come after the case has once been tried, but no authority is cited for that position. However, authority is available evidencing the liberal attitude towards amendments, particularly since the adoption of the Federal Rules of Civil Procedure. Thus amendment of pleadings is within the trial court's sound discretion, exercised consistent with accepted legal principles. United States v. A. H. Fischer Lumber Co., 4 Cir., 162 F.2d 872. Accordingly where a motion was made to strike counterclaims on ground of omission from the original answer and allegedly filed too late, it was held that since the counterclaims were compulsory counterclaims they should not be stricken. Gallahar v. George A. Rheman Co., D.C.S.D. Ga., 50 F.Supp. 655. It has also been held that amendments should be allowed with great liberality at any stage of the case unless they prejudice the rights of the opposing party. Stafford v. Roadway Transit Co., D.C.W.D. Pa., 70 F.Supp. 555, affirmed 3 Cir., 165 F.2d 920. See also Louisville Trust Co. v. Glenn, D.C.W.D. Ky., 66 F. Supp. 872, where a counterclaim was permitted even after trial and the ruling by the court, and Manor v. Barry, 62 Ariz. 122, 154 P.2d 374, holding that amendments should have been permitted on a new trial. It has also been held that a defense pleaded but not urged at the first trial may be in-

sisted upon at a second trial. Davis v. O'Hara, 266 U.S. 314, 45 S.Ct. 104, 69 L.Ed. 303. Likewise, a ground of recovery pleaded but not submitted to jury at a first trial was not precluded at a second trial. Ritzheimer v. Marshall, Mo.App., 168 S.W.2d 159.

We conclude that the action taken by the trial court was clearly within its discretion because the withdrawal of the counterclaim during the first trial was not prejudicial to appellant, because it could now be allowed in the trial court's discretion had it never before been pleaded and thus, since appellant has not changed its position in reliance upon the withdrawal of the counterclaim it is not an injustice to cause it to meet the counterclaim at a second trial.

The motion is overruled.