**Lewis Franklin SLONE, Appellant,**
**v.**

**Nancy A. SLONE, Appellee.**

**No. 1993.**

Municipal Court of Appeals for the District of Columbia.

Argued June 3, 1957.

Decided Sept. 6, 1957.

William F. Davey, Washington, D. C., for appellant.

Milford Hillerson, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant husband sued his wife for an absolute divorce on the ground of voluntary separation for five consecutive years without cohabitation (Code 1951, § 16–403). The complaint also contained a prayer for "Such other and further relief as to the Court may seem meet and proper." Appellant testified that he and his wife had been continuously separated, without cohabitation, for more than seven years. At the close of the case the trial judge announced that the evidence indicated *desertion* on the part of the wife and not a *voluntary separation* of the parties, and that accordingly he would dismiss the proceedings. Counsel for appellant thereupon requested leave to amend the complaint so that it would conform to the evidence showing desertion and thus permit the court to

1. Swift v. McPherson, 1914, 232 U.S. 51, 34 S.Ct. 239, 58 L.Ed. 499.

grant a divorce on that ground. In denying leave to amend the trial judge said:

"You can't amend a case based on five years separation—you can't amend it to one of desertion for two years.

"That's not an amendment. That's a new case. It is a different cause of action.

\* \* \* \* \* \*

"You can't amend the case by changing it from one action to another. Two years desertion is an entirely different case than five years voluntary separation."

The statute creating the Domestic Relations Branch authorizes it to promulgate appropriate rules and provides that "Except as otherwise specifically provided by such rules, the applicable Federal Rules of Civil Procedure shall govern in the branch." D. C.Code 1951, §§ 11–766. By its Rule 1 it is provided: "Insofar as applicable, the Federal Rules of Civil Procedure and the Rules for Class 'M' actions in the Civil Division of the Municipal Court shall govern in this Branch." No specific provision is made in the rules of the Domestic Relations Branch relating to amendments. Rule 15 of the Municipal Court for Class "M" actions regulating the filing of amended and supplemental pleadings is almost identical with Rule 15 of the Federal Rules. Subdivision (b) of that rule is designed to permit and encourage the trial court to dispose of litigation as expeditiously as possible by freely allowing amendments to the pleadings to conform to the evidence, even after judgment, particularly where the other party will not be prejudiced.

This court summarized the basic principles underlying the application of Rule 15 in Pyramid Nat. Van Lines v. Goetze.[1] We there stated:

"\* \* \* The Federal Rules of Civil Procedure, upon which the Municipal Court rules are modeled, were designed to allow amendments and changes in pleadings liberally; pleadings are to be liberally construed to do substantial justice; inconsistent claims and defenses are allowed; disposition of litigation in one action is to be encouraged; the trial court is allowed wide discretion in determining such matters."

We have consistently applied this rule in the spirit thus enunciated and the Federal courts have uniformly construed it with increasing liberality.

We can conceive of no valid reason why the amendment was not allowed. After appellant's oral motion to amend was denied, he filed a written motion citing cogent authority to support his request for leave to amend; this motion was also denied. Counsel for appellee not only does not object but agrees that the amendment should have been allowed. The basic cause of action was a proceeding for absolute divorce; the stated ground was a voluntary separation of the parties; the evidence pointed to constructive desertion on the part of the wife, rather than a voluntary separation; the uncontradicted evidence seemed to be clear enough to justify a divorce for desertion. If the amendment had been allowed, there would have been no change in the parties or the evidence. To refuse it was a clear abuse of discretion. Indeed, it might be that appellant was entitled to prevail without amending, in view of his prayer in the complaint for "other and further relief", etc. In any event, we reverse with instructions to allow the amendment and for a retrial of the case in accordance therewith.

Reversed with instructions.

1. D.C.Mun.App., 66 A.2d 693, 695.