**METROPOLITAN FLOORS, INC.,**
Appellant,

v.

**BRIGHTWOOD GARAGE, INC., Appellee.**

No. 3005.

Municipal Court of Appeals for the District of Columbia.

Argued May 21, 1962.

Decided June 28, 1962.

---

Leon Shampain, Washington, D. C., for appellant.

William T. Ward, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellee sued appellant for money allegedly due for repairs made to various vehicles [1] used in appellant's business. Trial by the court resulted in a judgment for appellee and this appeal followed.

Appellant's principal contention is that the trial court abused its discretion in permitting appellee to amend its complaint during trial. The complaint alleged money due and owing for "repairs." During trial appellant objected that the records introduced in evidence by appellee reflected material used in making the repairs and urged the word "repairs" referred to labor only. Thereupon the court was advised by appellee's counsel (and it was conceded by appellant) that in answer to interrogatories, copies of all records proffered had been furnished to appellant well in advance of trial. Appellee then moved that the pleadings be amended to conform to the evidence, and the motion was granted over objection.

Municipal Court Rule 15, regulating the filing of amended and supplemental pleadings, is almost identical with Rule 15 of the Federal Rules, 28 U.S.C.A. Subsection (b) of the rule is designed to permit and encourage the trial court to dispose of litigation as expeditiously as possible by freely allowing amendments to the pleadings to conform to the evidence, even after judgment, where the other party will not be prejudiced. The basic principle underlying the application of this rule was very succinctly stated in Pyramid Nat. Van Lines v. Goetze, D.C.Mun.App., 66 A.2d 693, 695 (1949), as follows:

"* * * The Federal Rules of Civil Procedure, upon which the Municipal Court rules are modeled, were designed to allow amendments and changes in pleadings liberally; pleadings are to be liberally construed to do substantial justice; inconsistent claims and defenses are allowed; disposition of litigation in one action is to be encouraged; the trial court is allowed wide discretion in determining such matters."

Appellant does not assert, and indeed cannot, that it was surprised by the introduction of the evidence on the question of repairs and materials, and the record shows that there was no request made for a continuance. It might be that appellee was entitled to prevail without amendment; however, that question is not before us. We are convinced from a study of the record that the trial court committed no error, and the granting of the amendment was proper.

Affirmed.

---

1. It was stipulated at trial that the suit only involved repairs to a 1953 Dodge truck.