**A & C ADJUSTERS, INC., Appellant,**

**v.**

**Benjamin L. PERRY, Appellee.**

**No. 3726.**

District of Columbia Court of Appeals.

Argued June 21, 1965.

Decided Aug. 2, 1965.

Bernard T. Levin, Washington, D. C., for appellant.

Clement Theodore Cooper, Washington, D. C., for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

PER CURIAM.

In this suit for a deficiency judgment the complaint alleged that following defaults in payment, defendant's automobile had been repossessed and sold, creating the deficiency sued for. In his opening statement appellant's counsel stated that the automobile had been totally demolished while in appellee's possession, that appellee thereafter ceased making payments, and that the value of the car at the time of loss, including appropriate credits, was not sufficient to discharge the contractual balance due. Appellee's counsel objected to the form of the complaint, with particular reference to the terms "repossession" and "deficiency," and counsel for the appellant moved for leave to amend. Without ruling on the motion, the trial court ordered appellant to proceed.

At the close of appellant's case, appellee moved to dismiss on the ground that the repossession alleged in the complaint had not been established. The motion was granted, and this appeal ensued.

■ It is apparent that the trial court's handling and disposition of the case were erroneous. Rule 15(b) of the trial court provides that absent a showing of prejudice, pleadings may be freely amended, even after judgment, to conform to the evidence. There is no suggestion that appellee would have been surprised or otherwise prejudiced by the amendment. Indeed, the record recites that appellant was willing to agree to a continuance if appellee needed it.

■ The rule above cited, modeled after a corresponding Federal Rule of Civil Pro-

cedure, was designed to facilitate the disposition of cases on their merits, and, as has many times been held, such a rule should be liberally construed. See Metropolitan Floors, Inc. v. Brightwood Garage, Inc., D.C.Mun.App., 182 A.2d 365.

Reversed.