**Ruby L. ABRAMS, Appellant,**

v.

**Nancy Nabritt ABRAMS, Bessie Serrette, Mildred Reid, Appellees.**

**No. 4292.**

District of Columbia Court of Appeals.

Argued July 22, 1968.

Decided Sept. 23, 1968.

4. See 52 C.J.S. Larceny § 107 (1947).

Lee W. Cowan, Washington, D. C., with whom Albert N. Lobl, Washington, D. C., was on the brief, for appellant.

R. Kenneth Mundy, Washington, D. C., for appellees.

Herbert J. Muriel, III, was on the brief for appellees Bessie Serrette and Mildred Reid.

Before HOOD, Chief Judge, and MYERS and FICKLING, Associate Judges.

FICKLING, Associate Judge:

■ This action commenced with the filing by the Metropolitan Life Insurance Company of an interpleader in the United States District Court for the District of Columbia joining appellant Ruby Abrams and appellee Nancy Abrams, each of whom claims ownership of the proceeds of an insurance policy on the life of Jesse Abrams, deceased. The adult children of Nancy Abrams intervened, and subsequently the proceedings were transferred to the Court of General Sessions. After a trial before a judge without a jury, the court found for appellant, and, after the time for filing a motion for a new trial had expired, judgment was entered on November 16, 1966. On that same day, appellees filed a motion requesting the court to grant a new trial on its own initiative pursuant to its Rule 59(e); this motion was granted on December 8, 1966. Appellant filed notice of appeal on December 16, 1966, and on January 24, 1967, we reversed the order granting a new trial with instructions to reinstate the judgment, ruling that the trial court was without jurisdiction to grant a

new trial on its own initiative. The mandate on our order was received by the trial court on February 10, 1967. However, before our mandate issued, appellees filed in the trial court a second motion for a new trial under its Rule 60(b), which was granted on February 1, 1967. Appellant, on February 3, 1967, petitioned this court to require compliance with its January 24 order; we denied the petition without prejudice to appeal the action of the trial court. Appellant now appeals the February 1 order granting a new trial, claiming that the trial court lacked jurisdiction to issue the order.[1]

■ We agree that the trial court had no jurisdiction on February 1, 1967, to act on appellees' motion for a new trial. This court has held that once an appeal is perfected, the trial court is without power to order a new trial. Maltby v. Thompson, D.C.Mun.App., 55 A.2d 142, 143 (1947); Potts v. Catterton, D.C.Mun.App., 82 A.2d 133, 134 (1951). An appeal is perfected, and our jurisdiction attaches, upon the timely filing of a notice of appeal with the Clerk of the Court of General Sessions, and at that same time the trial court loses its jurisdiction. Morfessis v. Hollywood Credit Clothing Co., D.C.Mun. App., 163 A.2d 825, 827 (1960). *"When the mandate of an appellate court is filed in the lower court,* that court reacquires the jurisdiction which it lost by the taking of the appeal." (Emphasis supplied.) Pyramid Nat. Van Lines v. Goetze, D.C.Mun. App., 66 A.2d 693, 694 (1949).

Rule 44 of our court [2] governs the issuance of a mandate, and it is clear from

---

1. A direct appeal will lie where the court is without jurisdiction to make an order granting a new trial. Morfessis v. Hollywood Credit Clothing Co., D.C.Mun.App., 163 A.2d 825, 826–827 (1960).

2. Rule 44: Entry of Judgment; Motion for Rehearing; Issuance of Mandate
   (a) The judgment of this court shall be entered by the clerk on the date of the filing of the opinion.

   (b) Motions for rehearing or modification of any order, judgment, or opinion of this court shall state in the motion or in an accompanying brief the grounds for the rehearing or requested modification. Such motions shall not be subject to oral argument unless ordered by the court.
   (c) The mandate of this Court shall issue on the 12th day after entry of judgment unless a motion for rehearing or modification is filed, in which event the

this rule that, argument of appellees notwithstanding, the issuance of the mandate is delayed after entry of judgment (and notification of counsel) for more than "hyper-technical" reasons. At least one purpose of the 12-day delay is to benefit the parties to an appeal by giving them time to file motions for rehearing or modification of orders, judgments, or opinions of the court. The rule also *expressly* permits counsel to "stipulate that the mandate issue immediately after judgment." No such stipulation appears on the record before this court.

It is apparent from the record that the trial court lost jurisdiction over this matter upon the filing of the notice of appeal on December 16, 1966, and did not reacquire jurisdiction until February 10, 1967, when our mandate was received by that court. In view of our holding on this issue, we do not find it necessary to reach the other points raised by counsel. Therefore, the order dated February 1, 1967, granting a new trial is reversed with instruction to reinstate the original judgment, as ordered by the mandate filed in the trial court on February 10, 1967.

It is so ordered.

mandate shall be stayed until 12 days after disposition of such motion. Counsel may

stipulate that the mandate issue immediately after judgment.