**Terrence E. BELL, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 94–CF–1596.

District of Columbia Court of Appeals.

Argued Oct. 11, 1995.
Decided May 16, 1996.

---

**1.** *See Kudon v. f.m.e. Corp.,* 547 A.2d 976 (D.C. 1988).

Douglas Wham, for appellant.

Lenese C. Herbert, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher and Thomas C. Black, Assistant United States Attorneys, were on the brief, for appellee.

Before SCHWELB, KING, and RUIZ, Associate Judges.

KING, Associate Judge:

This is a direct appeal by Terrence E. Bell from convictions for two counts of felony

threats[1] and one count of simple assault.[2] We summarily reject all the substantive challenges Bell raises;[3] however, we will address in some detail, a jurisdictional issue that has been presented. Although the procedural history is somewhat unusual, we conclude that we do have jurisdiction to consider this appeal. Therefore, we affirm.

## I.

Bell was initially sentenced on June 23, 1992, and a timely notice of appeal was filed. That appeal was assigned No. 92–CF–797. On July 27, 1994, Bell moved in this court for a remand of the "case record" to allow the trial court to act favorably on a motion to reduce sentence filed pursuant to Super. Ct. Crim. R. 35.[4] Bell's request was granted on August 19, 1994, when this court entered an order stating "this case is hereby remanded." On September 1, 1994, the trial court entered a new judgment of conviction, imposing a sentence more favorable than the one previously imposed. This action was taken in chambers, the parties not having appeared before the court. No notice of appeal was filed with respect to that order.

Some months later Bell's counsel learned that the file in this court in appeal No. 92–CF–797 had been closed when we ordered

---

1. D.C.Code § 22–2307 (1989 Repl. & 1995 Supp.).

2. D.C.Code § 22–504 (1989 Repl. & 1995 Supp.).

3. The charges arose out of encounters between Bell and a former girlfriend on December 5, 1991, and February 5, 1992. In the first incident, Bell was charged with armed kidnapping and armed assault with intent to kill but was convicted of simple assault as a lesser included offense. He was also convicted of felony threats in each incident.

 Bell contends there were numerous trial court errors with respect to so-called "other crimes" evidence that the trial court admitted. Specifically, he challenges the admission of: (1) evidence of a November 11, 1991, assault by Bell upon the same victim; (2) a false report to the police made by Bell just before the February threats offense; and (3) a butcher knife recovered from the victim's apartment two days after the December assault.

 We conclude that the prior assault was admissible to show motive and malice, *Mitchell v. United States*, 629 A.2d 10, 13 (D.C.1993), *cert. denied*, — U.S. —, 114 S.Ct. 1119, 127 L.Ed.2d 429 (1994); there is no reversible error due to the lack of a specific finding that the November assault occurred, because there was no objection by the defense, *see United States· v. Caballero*, 290 U.S.App. D.C. 235, 239, 936 F.2d 1292, 1296 (1991), *cert. denied*, 502 U.S. 1061, 112 S.Ct. 943, 117 L.Ed.2d 113 (1992); the record reflects the trial court properly weighed the probative value versus the evidence's prejudicial effect, *see Jones v. United States*, 477 A.2d 231, 239–40 (D.C.1984); and, Bell cannot now claim error in the failure to give a limiting instruction when he did not request such an instruction, and in fact remained silent when the trial court, on three separate occasions, inquired whether any additional instructions were desired. *See* Super. Ct. Crim. R. 30; *Johnson v. United States*, 387 A.2d 1084, 1087 (D.C.1978) (en banc); *Jones, supra*, 477 A.2d at 242. Evidence that Bell made a false report to the police was admissible as "contemporaneous criminal conduct." *Toliver v. United States*, 468 A.2d 958, 960–61 (D.C.1983); *see Holmes v. United States*, 580 A.2d 1259, 1266 (D.C.1990). For that reason, no limiting instruction was necessary. *Toliver, supra*, 468 A.2d at 961. The false report was also admissible as evidence of Bell's consciousness of guilt and his lack of veracity with respect to his account of the relationship between him and the victim. Any error in admitting the knife, if there was error, was harmless, particularly in light of jury's acquittal of Bell of all the "armed" offenses. *See Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946).

 Finally, the trial court: did not abuse discretion in refusing to sever the December and February incidents, *Bond v. United States*, 614 A.2d 892, 896 (D.C.1992); committed no error when it failed to *sua sponte*, give a unanimity instruction, *Simms v. United States*, 634 A.2d 442 (D.C. 1993); and, had jurisdiction over the assaultive conduct occurring in the District in the December incident, even though some of Bell's conduct, as recited in trial testimony, occurred outside the District, *Adair v. United States*, 391 A.2d 288 (D.C.1978).

4. The procedure followed by the parties and the trial court is standard practice when a case is on appeal because the trial court lacks the power to grant a Rule 35 motion. *King v. United States*, 271 A.2d 556 (D.C.1970). See also, cases cited *infra* note 11. When a case is on appeal, the trial court can entertain such a motion and deny it, *see Smith v. United States*, 109 U.S.App. D.C. 28, 29, 283 F.2d 607, 608 (1960), *cert. denied*, 364 U.S. 938, 81 S.Ct. 387, 5 L.Ed.2d 369 (1961) *and* 370 U.S. 950, 82 S.Ct. 1599, 8 L.Ed.2d 816 (1962), but if the trial court wishes to grant such a motion, it must have jurisdiction over the case. Jurisdiction is reacquired, as was done here, by the trial judge indicating a willingness to grant the motion, followed by the moving party requesting that this court remand the case. *See Smith v. Pollin*, 90 U.S.App. D.C. 178, 179, 194 F.2d 349, 350 (1952).

the remand. On November 15, 1994, Bell moved the trial court to reissue the September 1, 1994, order. Bell reasoned, having been unaware that a new notice of appeal was required after the trial court acted following a "case" remand from this court, that if the trial court entered a new order, a timely notice of appeal could be filed from that order.[5] The government responded by stating that it "does not oppose [Bell's] motion asking the court to reimpose its modified sentence, thereby renewing the time within which defendant may note an appeal."[6] Bell's motion was granted and a new order, imposing the same sentence as that imposed in the September 1, 1994, order, was entered by the trial court on December 2, 1994. A timely notice of appeal from that order was filed. That appeal, which is the one presently before the court, was assigned No. 94–CF–1596.

After oral argument on the merits, this court, in light of the procedural history noted above, questioned whether it had jurisdiction to hear this appeal. An order directing supplemental briefing was then entered.[7] Bell and the government, in turn, filed supplemental briefs, and Bell then filed a response to the government's supplemental brief. We will now turn to an analysis of the jurisdictional question presented.

## II.

Bell, maintaining that this court has jurisdiction to hear this appeal, sets forth a number of alternative bases which he argues support jurisdiction.[8] We need not consider any of them, however, because the government discovered, as it has informed us in it supplemental brief, that happenstance has preserved Bell's right to a direct appeal in this case. Before we address that point, because there is considerable uncertainty regarding these procedures, we will briefly discuss the effect of a remand by this court.

### A. Remands

 As a general rule, once a notice of appeal had been filed, the trial court loses

upon a showing of excusable neglect. *See* D.C.App. R. 4(b)(3) (1995).

\* \* \* \* \* \*

Although the following cases may or may not be dispositive of any of the issues presented herein, the court invites the parties' attention to *Clement v. District of Columbia Dep't of Human Servs.*, 629 A.2d 1215 (D.C.1993); *Jackson v. United States*, 626 A.2d 878 (D.C. 1993); and *Jenkins v. United States*, 130 U.S.App. D.C. 248, 399 F.2d 981 (1968).

8. Specifically, he contends that the court has jurisdiction because: (1) both parties agreed in the trial court that a valid appeal lay from the December 2, 1994, resentencing order, and the government is bound by that concession; (2) Bell would be entitled to vacation of the September 1, 1994, sentence, because he was not notified of his right to appeal by the trial court; (3) this court is empowered to reinstate Bell's original appeal; (4) Bell's motion for bond, pending appeal, filed in the trial court, should be construed as a notice of appeal from the September 1, 1994, order; and (5) the November 15, 1994, motion for resentencing should be construed as a motion seeking relief pursuant to D.C.Code § 23–110 (1989 Repl.), premised on the implicit finding that counsel's failure to file a timely notice of appeal constituted ineffective assistance of counsel. *See Jackson, supra,* 626 A.2d at 878. Because we conclude we have jurisdiction for an entirely different reason, we do not reach any of these contentions.

---

5. Bell argued that because Rule 35, by its terms, permits the filing of a sentence reduction motion within 120 days of the remand, the trial court had jurisdiction to provide him relief if the motion was filed, as it was, within 120 days of the remand order of August 19, 1994.

6. In its supplemental brief, however, the government now argues, citing *Clement v. District of Columbia Dep't of Human Servs.*, 629 A.2d 1215, 1217 (D.C.1993), that the trial court was without authority to simply vacate its previous order and enter a new one, in order to restart the appeal time clock. This is one of the issues that troubled this court when it ordered supplemental briefs. *See* note 7, *infra.* We do not decide it, however, because the government has brought to the court's attention an alternative and valid ground on which to base jurisdiction of this appeal.

7. The text of that order read, in part:

Although neither party has addressed the points, we conclude that the merits of the appeal cannot be addressed until the following questions are resolved: 1) does this court have jurisdiction to hear this appeal? and 2) may the trial court reimpose a modified sentence in order to permit the filing of a notice of appeal which would otherwise be untimely? Further, under D.C.App. R. 4(b) only certain specified motions toll the time to file a notice of appeal; a motion to reduce sentence pursuant to Super. Ct. Crim. R. 35 is not such a motion. Nor is this a case where the trial court was asked to extend the time for filing a notice of appeal

the power to take any substantive action with respect to the order or judgment on appeal.[9] Once appealed, the case is said to be "in" this court and in that circumstance, a trial judge may not, for example, grant a motion for new trial. *Smith v. Pollin,* 90 U.S.App. D.C. 178, 194 F.2d 349 (1952).[10] If a criminal case is "in" this court, the trial court may not vacate, amend, or reduce a sentence.[11] If, however, the trial court has indicated a willingness to modify a sentence, the proper course is the one taken here, *i.e.,* one of the parties, ordinarily the defendant, should move this court for a remand. *See Smith, supra,* 90 U.S.App. D.C. at 178–79, 194 F.2d at 349–50.

■ There are two kinds of remand, a "record" remand and a "case" remand. In a record remand, this court retains jurisdiction over the case, *i.e.,* jurisdiction over the case remains with this court, but the record is returned to the trial court. In those circumstances, the trial court may be directed to clarify or amplify some portion of the record, to make additional findings, to hear further testimony, or to explain a ruling. The point of such a remand is to give the trial judge the opportunity to complete or clarify the record so that this court will have an adequate basis for review of the trial court's rulings.[12] The trial court does not, however, have the authority to amend the ruling that is on appeal.

■ Once the trial court has taken the action directed by this court in the remand order, it may set forth its response to our inquiry or issue supplemental findings and conclusions of law. The record is then returned to this court for decision, together with any supplemental record material generated on remand, which is designated by the parties for inclusion. No new notice of appeal is required. In sum, in a record remand, this court retains jurisdiction over the case, and the trial court may take no action, with respect to the case, other than that specified in the record remand order.

■ A "case" remand, on the other hand, returns the case to the trial court for all purposes. This court retains no jurisdiction over the case and the appeal is terminated. If, after a case remand, a party is dissatisfied with the action of the trial court, the only course available to obtain review in this court, is to file a new notice of appeal, once a final order or judgment is entered. D.C. Code § 11–721 (1995 Repl.). That appeal is a new appeal, separate from the previous appeal that was terminated when the case was remanded.

■ The means for effecting a case remand is the issuance of the mandate by this court to the trial court. D.C. App. R. 41(a)(1995). It is the mandate that transfers jurisdiction from this court back to the trial court. *Pyramid Nat'l Van Lines v. Goetze,* 66 A.2d 693, 694 (D.C.1949). In the ordinary case the mandate is issued twenty-one days after entry of judgment,[13] however, the court can specify a shorter or longer period.

## B. The Mandate in This Case

As noted, this court granted the remand request in the first appeal in an order entered on August 19, 1994, and the first resentencing took place on September 1, 1994. No timely appeal was taken from that sentencing; therefore, direct review of the underlying conviction by this court would be proble-

---

9. The trial court does not lose all authority over a case once it has been appealed. *See Stebbins v. Stebbins,* 673 A.2d 184, 188–90 (D.C.1996).

10. *See also Potts v. Catterton,* 82 A.2d 133, 134 (D.C.1951).

11. *Taylor v. United States,* 603 A.2d 451, 453 n. 7 (D.C.1992), *cert. denied,* 506 U.S. 852, 113 S.Ct. 155, 121 L.Ed.2d 105 (1992); *Goins v. United States,* 353 A.2d 298, 300–01 (D.C.1976); *Franklin v. United States,* 293 A.2d 278, 279 (D.C. 1972).

12. Some recent cases where a record remand was ordered include *Feaster v. United States,* 631 A.2d 400, 402 (1993) (record remanded to permit trial court to make additional findings), and *Powell v. United States,* 649 A.2d 1082, 1082 n. * (1994) (same).

13. This time delay permits parties to "file motions for rehearing or modification, or orders, judgments, or opinions of the court." *Abrams v. Abrams,* 245 A.2d 843, 845 (D.C.1968).

matic.[14] Happenstance intervened, however, because, as later discovered by the government, and confirmed by us, this court's "mandate" did not reach the Superior Court until October 4, 1994—over a month after the first resentencing.[15] As noted above, the mandate is ordinarily issued twenty-one days after the entry of judgment, in this appeal, the remand order. Here, however, for reasons not discernible in the record, the mandate was not issued until much later.

As we have said, the mandate is the means by which jurisdiction over a case is transferred from this court to the trial court. *Pyramid Nat'l Van Lines, supra,* 66 A.2d 693 at 694 ("when the mandate of an appellate court is filed in the lower court, that court reacquires the jurisdiction which it lost by the taking of the appeal"). Therefore, the trial court did not regain jurisdiction over the case until October 4, 1994, when the Superior Court received the mandate. Because the trial court was without jurisdiction until that date, the first resentencing on September 1, 1994, was a nullity. *Abrams v. Abrams,* 245 A.2d 843, 844 (D.C.1968) (order granting motion for new trial entered before receipt of mandate from this court, was a nullity). The circumstances are quite different, however, for the second resentencing that occurred on December 2, 1994. That resentencing was imposed in response to Bell's timely motion to reduce sentence filed on November 15, 1994, forty-one days after receipt of the mandate. See Super. Ct. Crim. R. 35(b) (a motion to reduce sentencing may be filed not later than 120 days after receipt of the mandate). Because that resentencing occurred *after* the Superior Court's receipt of the mandate, the sentencing judge had jurisdiction to grant a motion to reduce sentence. And, because a timely notice of appeal was filed from that sentence, we have jurisdiction to hear this appeal.

*Affirmed.*

---

**14.** The various grounds asserted by Bell in support of his claim that direct review would be available are set forth in note 8, *supra.*

**15.** The mandate was transmitted by this court on the same day it was received in the Superior Court.