**Chien Hui CHENG, Appellant,**

v.

**Mei Wah AU, and Chun King Cheung Au, Appellees.**

**No. 97–CV–619.**

District of Columbia Court of Appeals.

Argued April 2, 1998.

Decided April 30, 1998.

---

Thomas A. Mauro, Washington, DC, for appellant.

Frederick J. Brynn, Washington, DC, for appellees.

Before TERRY and KING, Associate Judges, and PRYOR, Senior Judge.

KING, Associate Judge:

After a default judgment was entered against him in this civil action claiming a breach of the terms of a lease, Chien Hui Cheng moved to vacate, contending that service of process upon him was faulty. Because the trial court erred in ruling that service was proper on the grounds stated by the court in its order, we reverse and remand for further proceedings on the motion to set aside the default judgment.

## I.

The initial complaint was filed on August 3, 1995, and served upon Cheng's wife at their place of business on August 31, 1995. Thereafter, on October 6, 1995, an amended complaint[1] was filed, and according to the affidavit of the process server, the "Initial Order, Summons, [and] Complaint"[2] were served upon Cheng by leaving a copy of each document at his place of residence on October 9, 1995, "with Ms. Cheng, Wife, a person of suitable age and discretion who resides therein with [Cheng]." After Cheng did not respond to the complaint, the trial court entered an order granting a default, scheduled an ex parte proof hearing for a later date, and sent a copy of the order to Cheng at his home address.

On April 12, 1996, after the ex parte hearing, the court entered judgment for a sum certain plus interest; a copy of the judgment was sent to Cheng at his home address. Claiming that he first learned of the judgment entered against him in October 1996 when the plaintiff commenced collection efforts, Cheng filed the instant motion to vacate in January 1997. The motion was accompanied by a verified answer denying liability, and affidavits by Cheng and his wife relating to the service of process.

In the wife's affidavit she averred that she was not at her place of residence at the time the process server claimed he had left the documents with her. She maintained that she had departed for work an hour and a half before the reported time of service and did not return home until some five hours after she had left. She also averred that the person described by the process server was not her and "is unknown to me."

In a brief written order the trial court denied the motion, observing that the wife's affidavit was consistent with her being at the place of business on August 31, 1995, and that the trial court's order granting the default was mailed to the home address and not returned. The trial court, however, made no finding regarding the claimed service upon the wife at the place of residence on October 9, 1995.

## II.

Pursuant to Super.Ct.Civ.R. 4(e)(2) (1997), service in these circumstances may be made

> by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of

---

1. Appellee states that the only change effected by the amended complaint related to the listed address of the defendant. Cheng does not dispute that statement.

2. Based on this language, it is not clear whether the process server served the original or the amended complaint. The trial court can resolve that issue on remand.

abode with some person of suitable age and discretion then residing therein....

By the terms of this provision, service upon the wife at the place of business was not adequate. Thus, the trial court erred in finding service was proper on that ground. Appellee does not now contend otherwise.

Appellee does contend, however, that the trial court has jurisdiction due to the claimed service upon the wife at the residence on October 9, 1995, pursuant to the provisions of Rule 4 quoted above. In response, Cheng challenges the underlying facts in the process server's affidavit as expressed in the wife's affidavit. Specifically, although he concedes that service would be proper if made upon the wife or someone else of suitable age and discretion residing at the residence, Cheng maintains that he can show that no such service ever occurred. Although that claim was presented to the trial court, it was not considered and the court made no findings with respect to it. Therefore, we must remand the case[3] to the trial court for further proceedings in order to resolve this issue.[4]

*So ordered.*

---

3. Because this is a "case" remand, review by this court of any future final orders by the trial court will require the filing of a new notice of appeal. *See Bell v. United States,* 676 A.2d 37, 41 (D.C. 1996).

4. At oral argument counsel for appellee agreed that a remand is required for the reasons stated.