**MAJERLE MANAGEMENT, INC., Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.**

**No. 99–AA–863.**

District of Columbia Court of Appeals.

June 18, 2001.

Before WAGNER, Chief Judge; TERRY,* STEADMAN, SCHWELB, FARRELL, RUIZ, REID,* GLICKMAN, and WASHINGTON, Associate Judges; KING, Senior Judge *.

**O R D E R**

PER CURIAM:

On consideration of the petition of Majerle Management, Inc., for rehearing or rehearing en banc, respondent's opposition thereto, the consent motions to appear as amici curiae in support of the petition, and the motion of amicus curiae (Apartment & Office Building Association) for leave to file the lodged reply to opposition to petition, and respondent's opposition thereto, it is

ORDERED that the motions are granted and the Clerk is directed to file the lodged reply to opposition to petition. It is

FURTHER ORDERED by the merits division* that the petition for rehearing is granted to the extent herein indicated. In light of the arguments and legal authorities cited in Majerle Management's petition for rehearing or rehearing en banc,[1] we conclude the Rental Housing Commission did not adequately explain its consideration of relevant legal principles. Accordingly, Part III of the opinion of this court filed on March 15, 2001, which is published at 768 A.2d 1003, 1006–08, is vacated to the extent that it affirms the Rental Housing Commission's ruling that the tenant was entitled to a refund for rent overcharges. It is

FURTHER ORDERED that the case is hereby remanded to the Rental Housing Commission for further proceedings on the diminution of services issue, and for further consideration of its determination of a refund for asserted rent overcharges.[2] The Rental Housing Commission shall provide a clear explanation of its reasons for concluding that the lawful rent ceiling for the tenant was $228 per month, including statements regarding the applicability, or not, of the Rental Housing Commission decisions cited in the petition for rehearing or rehearing en banc.

It appearing that no judge of this court has called for a vote on the petition for rehearing en banc, it is

FURTHER ORDERED that the petition for rehearing en banc is denied.

---

1. Majerle Management raises arguments and cites legal authorities in its petition for rehearing or rehearing en banc that were not presented to the division. Ordinarily, such arguments are deemed to have been waived when they are not properly raised in the first instance, see *Stratmon v. United States*, 631 A.2d 1177, 1185 (D.C.1993) (citing *Keating v. Federal Energy Regulatory Comm'n*, 288 U.S.App. D.C. 344, 353–54, 927 F.2d 616, 625–26 (1991)), but here we consider them for the reasons set out in *Mushroom Transportation v. District of Columbia Department of Employment Services*, 698 A.2d 430, 432–33 (D.C.1997).

2. Because this is a "case" remand, review by this court of any future final decision by the Rental Housing Commission will require the filing of a new notice of appeal. *See Bell v. United States*, 676 A.2d 37, 41 (D.C.1996).