EASTERLY, Associate Judge,
concurring:
I join the majority opinion in recognizing a return-for-reward defense. With respect to the majority’s delineation of that defense, I write only to ensure that there is no confusion about the fourth element, i.e., that “the possessor imposed no condition on return of the property.” Majority Opinion at 488. Seeking a previously announced reward in exchange for the return of stolen property is not such an impermissible condition; rather, what an individual returning stolen property for a reward may not do is “impose a condition on return” of the stolen property beyond the promised reward. See Majority Opinion at 489.
I also agree with the majority that there is sufficient evidence from which a fact-finder could reject a return-for-reward defense in this case, although I think it is a close call. We acknowledge above that a defendant is not entitled to a return-for-reward defense if she had “something to do with the theft,” Majority Opinion at 489, a disqualification that extends beyond assistance with the act of stealing the property to assistance with the sale of stolen property for profit, otherwise known as fencing. Here, admissions Ms. Lihla-kha made to Ms. Banks and Investigator Tarpley[34] support the reasonable inference that Tony, a.k.a. “Kool-Aid,” the “guy” from whom Ms. Lihlakha obtained the Mac laptop, was acting as a fence. Although Ms. Lihlakha identified Tony as a drug dealer, one could infer that he had a side business in selling computers[35] belonging to other people.[36] By agreeing to split the reward for the stolen Mac laptop with Tony, Ms. Lihlakha arguably affiliated herself with his illegal business. Thus I agree that a fact-finder could find beyond a reasonable doubt that Ms. Lihlakha, through her dealings with Tony, had “something to do with” fencing stolen property, thereby losing her claim to a return-for-reward defense.
Lastly, I agree with the majority that our determination that the evidence is sufficient does not obviate the need for findings from the trial court regarding Ms. Lihlakha’s entitlement to a return-for-reward defense. But on the subject of remand, I do not understand why we are remanding only the record to the trial court and not the case. In so doing we retain jurisdiction, and thereby preclude the trial court from altering its verdict, see Bell v. United States, 676 A.2d 37, 41 (D.C.1996), even as we acknowledge the possibility that, the sufficiency of the evidence notwithstanding, the trial court might reach a different conclusion about Ms. Lihlakha’s guilt when it “evaluates the evidence anew in light of’ this newly acknowledged defense. Majority Opinion at *492 490. Moreover, I see no point in retaining jurisdiction, since the only legal issue before us is sufficiency, and we have, with this opinion, resolved that issue.

.Unlike the majority, I do not think we can rely on Ms. Lihlakha’s trial testimony to demonstrate that the evidence was sufficient. The trial court discredited this testimony. If the trial court thought Ms. Lihlakha's testimony was entirely unreliable, I do not see how we can point to what she said at trial as affirmative evidence on which a fact-finder could rely to find her guilty.

. He sold Ms. Lihlakha the HP laptop "for the low.”

. For example, the multiple "Lauren” laptops.